Your Honor, when this case began in this matter below, there was a motion to dismiss filed by the government, and at the time Senior Judge Hodges understood exactly what the case was about. He said, and he wrote at the time, that because HCS alleged, Healthy State alleged that the government continued to use, install, modify, and authorize others to use its software source code in ways that infringed HCS's exclusive rights and exceeded its term limited license, which expired on May 7, 2014, this was sufficient for both copyright infringement and breach of contract. Now, there is no finding below of what the government's license is. There is, they have never presented that. There were assertions of restricted rights on June 8, 2010, in the baseline code that HCS had, that everyone ultimately admitted became part of the rover code that was in the veterinary record that the government continues to use today, and that ASMR misappropriated from HCS and transferred to the government without any permission. The term limited license was the end of it. It was, beyond that, after the entrance of ASMR, the case, sorry Your Honor, the contract is the 0128 contract, Your Honor, that's in the record. That is the contract under which the assertion of restricted rights was made. And so, that is the contract. The contract is not that you loathed. Are you saying that the assertion of restricted rights creates an obligation? Well, yes, Your Honor, I think it does. I think the government had a responsibility to answer it, and not sit silent for eight years. I also believe that, as this Court's precedent and other courts have held, that if you have no term limited license that's negotiated with the subcontractor, in this case the subcontractor, that commercial rules apply. So in this instance, the end user license agreement or the standard commercial clauses that were flowed down to HES and its subcontract, which don't provide for anything, like the government's asserting here, government purpose rights, would control. And so, that is the contracted issue. The contract is, you know, and you can, when you exceed a license, that is a breach itself. And so, if the government can't point to a license, then it doesn't have one. And it can't use that, that, that, it can't use that code. Additionally, to that. Well, that's a copyright theory. Sorry, Your Honor? That's a copyright theory. Well, it's not just a copyright. As Judge Hodges recognized, it's both a breach of contract because it exceeds the term limited license, and it's also a copyright issue. The copyright issue in this case is, is one that was rife with elevating form over substance. I want to address that a little bit, and then I'll come back to the breach of contract. Before you, if you can, before you go to the copyright issue, though, that's, that's fairly important. Let's go back to the breach of contract and whether you've actually submitted an allegation, a sufficient allegation or some certain. Yes, Your Honor. I think we did. The, as of February 11th, 2015. Show me in the record where you did that. Well, in the record, that was on February, well, that was the February 11th, 2015 letter to the, to the government, and it was, it contained the subcontract. Do you want to identify where that is in the appendix and explain why it is sufficient? Sorry, Your Honor? Could you identify where that is in the appendix so you can explain why it's sufficient? Well, I think, let's see. The portion of that letter that's in the, in the appendix is at 2669, Your Honor. 2669? Yes. The, the. I think it's in. The appendix at. I think it's in the appendix. Sorry, Your Honor. Item 11 of the appendix, I believe. Yes, Your Honor, I think that's right. There's, there's three pieces of correspondence. There, there is the, there's the, there's the document that refers back to the February 11th letter at appendix 2757. There is. Well, before you do that, why don't you tell us, you know, you said we will find this at appendix 26. What is it? 26 what? 2669. Thank you. Yes, Your Honor. That was attached. This was the attachment to the February 11th, 2015 letter. And it basically, it has the, it has the, the portion in it from the subcontract that, that was, that shows that ASM was entitled to 25% of any new robo work. And so it's a formulaic application. On October 1st, 2014, when the first claim letter was sent, which the court didn't consider below, but which we brought up, it, it said, stop using our code. Stop, you know, there's no license for this. The license has not been extended past May 7th. There is, there is nothing in the record that indicates it's some certain. You don't say. Well, Your Honor, there. You're arguing that you provided a formula, and then you provided background information, and it's up to the government to, to, to work out the calculation. Yes, Your Honor. That's a simple arithmetic, you know, calculation. Is that, is that consistent with our precedent? Yes, Your Honor, I think it is. We've cited the ECC case and then the other cases that are cited in it and in our brief say that a simple arithmetic calculation is, qualifies as a some certain, and you can take the documents that are attached to a claim to figure that out. I see that, but that's only if you present the values. You have a calculation, you know, and let's say X is in the calculation. Then later you say X equals $25. Well. You don't have that here. You don't have the values. You have a range. Well, we have, we have a minimum value, Your Honor, and the government had the contract, and so did ASMR. We didn't have the contract. You know, HES did not have the contract, and at the time the October 1, 2014 letter was sent, they had not been paid anything yet. I understand that, but I'm really interested in whether you actually stand with a some certain because that's dispositive to your case. Well, I don't, we also have an agreement, an argument about that. I don't think a some certain, you know, the absence of a some certain is dispositive. The government's affirmative defense only says that we didn't comply with, you know, jurisdictional prerequisites or 41 U.S.C. 7103. It's dispositive as to the breach. Sorry, Your Honor? It's dispositive as to whether there's been a breach of the contract. Well, you know, the government can't really rightfully argue that they weren't on notice of what they were claiming at the time. The whole purpose behind that, that regulatory addition that we don't, that is not in the statute itself, is to simply allow the government to know what's on, you know, what's in there. Now, the government had the contract, the subcontract and that dollar value in it, and they had the contract with ASMR. And so they knew what was going to be paid, and they knew what the calculation would be. They also knew what the maintenance agreement was and what the annual maintenance fee was. In fact, they asked about it in a letter back to us, back to Healthy State at the time. But they never resolved the issue of who owned the software, and they never answered the claim. And so, and then they waited over six years, in fact, just over six years, so they could avoid the statute of limitations, to basically say that you can't do this anymore. You know, you can't say, you know, we're going to go back to the beginning and say that your claim is forfeited because you didn't talk about a sum certain. Now, the ECC case was very important in that regard, and this is something that the court below didn't consider, is that when the statute of limitations running, and then the other aspects that were important for that consideration, is something that dictates waiver, you know, by the government. What we're talking about here is a forfeiture issue. It's either a forfeiture issue for Healthy State or it's a forfeiture issue for the government in terms of their right to bring a claim. I want to come back for a moment. Sorry, Your Honor. I want to come back for a moment as to what the contract is. Your theory is that you're suing on the 2009 contract, right? Well, on the assertion of rights and then the government's, you know, there is a violation of the term limited license in the subcontract. Just answer my question. Sorry. Is your claim based on the 2009 contract? In part, yes, Your Honor. It's not based completely on that. It's also based on. . . The assertion of restricted rights. Yes, Your Honor. It's also based on the term limited license in the subcontract to the initial rover contract. Did you make the allegation in the complaint that there was a breach of the 2009 contract? I think what we said. . . I don't know that we specifically mentioned that in the complaint, but we mentioned that it was. . . We mentioned the restricted rights letter in the complaint, and we talked. . . And the restricted rights letter was attached to the complaint, so it was incorporated in it, and it mentions that contract, Your Honor. Okay. So let me. . . Before I run out of time here, I mean, we will stand on the paper with respect to those issues, but in terms of, you know, we believe that the copyright issues are ones that we. . . where the court really needs to remand for further development of a record. When we're looking at what was required below, you can see that our client got the development environment like in October of 2021. Okay, but part of the copyright claim was rejected on the theory that you didn't submit a satisfactory specimen to the Copyright Office, right? That's part of it, Your Honor. So what's wrong with that? I mean, it wasn't the right specimen, right? Well, the whole. . . There's no question about that. The revised submission cured all those issues, and the Copyright Office would have allowed it had the court allowed it below. What evidence is there that the Copyright Office would have allowed it? Because I thought the Copyright Office said there was no curing that. No, Your Honor. The Copyright Office actually said, and I cite to that. . . That's a 2315 to. . . What volume? I'm not sure what volume it is, Your Honor, but it's. . . When you look at 2315. . . When you give us a multivolume appendix, you should know what you're talking about. Yes, Your Honor, I apologize for that. But it's Appendix 2315 to 2317. That's where the USDO basically says to the court that. . . What volume?  He doesn't know. It is volume 7, I think. What page, 2315? 2315 to 2317 is where the Copyright Office talks about that, Your Honor, and about how they have pending applications, and they're asking for the court to give them permission to proceed, and the court never responded to that or didn't allow it. We asked for the court to allow that as well, and the court didn't grant that. And so where we. . . I don't recall that your blue brief argued that the court erred in not allowing this later correction. Our opening brief? Yes. Oh, yes, we argued that, Your Honor, and we argued it below as well. Could you show me where you argued that was error? Well, I think there's a couple of places, Your Honor. We talk about it at page 65 to 66 in our opening brief. We talk about. . . In the context of the AFC analysis and all that kind of thing, we talk about that. I'm not seeing where you argued that the court made an error in not allowing you to make a correction. Well. . . Yes, I mean, what I say there, Your Honor, when you're looking at the AFC test that the court applied below. . . Where? Where? I'm talking about the comparison part of it. No. When you're talking. . . You're looking at the blue brief. Sorry, Your Honor. Which page? Oh, it's on 66 when I'm talking about the comparison part. It says, All without any evidence having been presented by the governor or ASMR over which material portions of the code over which protection is sought were not protectable. Okay, I don't see that that's arguing that the district. . . The court filed a mistake in not allowing the amendment. Go ahead. Well, Your Honor. Okay. I think we're out of time. We'll give you two minutes for rebuttal. Okay, Your Honor. Let me just say just one thing. No, no, no. Okay, all right. Mr. Sudarshan. May it please the Court. Your Honor, on the breach of contract claims, Judge Dyke, I think you asked the correct question as to why the appellant's position doesn't boil down to a copyright claim. I think their position is that the government doesn't have a license. To me, that's a concession that there is no license. And therefore, really, the breach claim should go away on that basis. The 0128 contract that was raised here at this court was not raised below. What we litigated below was the breach of . . . That's the 2009 contract. Yes, Your Honor. Yeah. What we litigated below entirely was an end-user license agreement allegedly being breached. That was the sole license that they provided during discovery in response to our interrogatory questions when we asked them, what contract are you saying that we are breaching? They had identified only the end-user license agreement in their interrogatory responses and in their 30B6 deposition. And that's what we litigated. It turned out there was no evidence that anybody at the government had ever seen the end-user license agreement because it was buried away and not shown to users because it was an old, vestigial part of the software. So the undisputed record showed that nobody in the government ever saw the sole contract alleged to be breached in this case. And therefore, the Court of Federal Claims correctly granted summary judgment of no breach of contract. On the copyright issue, Your Honor, I'll just pick up the one point about the suggestion that a deposit copy can be found and can be fixed through a supplemental registration. It cannot be. A deposit copy is a fundamental requirement of a copyright registration. And the Copyright Office's guidance says it is one of those things that cannot be fixed through a supplemental registration. That's at 37 CFR 202.6D42 cited in our briefs. It's also at Appendix 28351. The copyright register in this case was consulted by the Court of Federal Claims for an opinion. If you had known that there were X, Y, and Z problems in the registration, would you have granted or rejected the application? And the register at 28351, that's in Volume 11, stated that the deposit copy issue is not something that can be corrected. And so that is not something that could be fixed through a supplemental registration. The Court of Federal Claims... So did the Copyright Office make an express finding that the deposit was faulty? Would it have been deposited to be registered? No, Your Honor. The Copyright Office only provided, under the statute, there's a referral mechanism where the court, if it's presented a question of copyright invalidity, first submits essentially an advisory opinion to the copyright register saying, hypothetically speaking, if X, Y, and Z were errors, would you have rejected them? Would they be material? So the copyright register in this case answered that hypothetical question, yes. If, indeed, there was a problem in the deposit copy, yes, I would have rejected it. But the copyright register made no finding as to whether, indeed, there was an error. That finding, however, was made by the Court of Federal Claims on summary judgment because the undisputed record showed that, first of all, what was submitted was not the claimed work. And second of all, undisputedly, there was knowledge by the applicant that what was submitted was not the claimed work. And so we think summary judgment was properly granted on that basis. Unless the Court has any further questions, we're happy to rest on our briefs. Okay, thank you. Thank you. Ms. Monelly? Thank you, Your Honor. May it please the Court, Jenna Monelly on behalf of the government. The Court of Federal Claims here disposed of both the breach of contract claim and the copyright infringement claim for two dispositive reasons. As Joserena pointed out, the claim lacked a sum certain. And as my colleague discussed, the contract that was at issue below, the EULA, there was no proof that a government agent with authority viewed it. Our position is that the arguments as far as the 0128 contract have been waived because they were not raised below. On the copyright issues, as discussed, the first issue was as to the validity of the copyright registrations, which we agree summary judgment was properly granted based on 411B. And then additionally, the Court of Federal Claims excluded the only expert report as to infringement, which we believe was properly done and summary judgment was properly granted. Would you address Mr. Baines' argument about the timeliness of the sum certain allegation? Yes, Your Honor. So both AMS and the government, in our answer to the complaint, asserted an affirmative defense of a lack of satisfying the requirements. On jurisdiction, right? Yes, Your Honor. But as this Court stated in the ECC case, even though it's not a jurisdictional requirement, it is still a required element of contract dispute act. Is there something else besides the phrase jurisdiction that was intended to encompass the sum certain argument? Well, Your Honor, we asserted it as an affirmative defense and then through discovery, sought discovery on whether or not there was a sum certain stated in the claim, and then it was the subject of our summary judgment motion. So our contention is that it's not the same factual circumstance in which this Court found in ECC that it had been waived because the factual circumstances here is that the government did present that as an affirmative defense and did seek the factual circumstances behind it to assert it throughout the course of the case. And Mr. Baines identified a particular page of the appendix to support the view that a sum certain had been identified. What's your response to that evidence? Yeah, as discussed in our brief, the February 2015 letter does not include a sum certain. It simply states that healthy state be compensated, and the range, the 25% to 50% that's found in one of the exhibits, healthy state identified that throughout the course of litigation but also identified three other instances of what it claimed that the sum certain was. So our position is that the sum certain... They were. Their 30B6 representative testified as to a range between $500,000 and $550,000 per engagement, and then the range went from 25% to 50% just down to the 25% that Mr. Baines identifies today. So the CFC considered these kind of shifting sum certain requirements and concluded that the case law supports that you can find that there's a lack of sum certain if the position as to sum certain changes throughout the litigation. Okay. Thank you. Thank you. Mr. Baines, you have two minutes. Thank you, Your Honor. Your Honor, ultimately on all these issues that we've addressed here, and this is a de novo review of this court because that was a summary judgment, there are issues of disputed fact on all these things, on whether the sum certain was, whether that was waived, whether that was appropriate, whether the affirmative defense actually pled the regulations implementing 7103. And when we look at what was raised below, there's a line in ASMR's brief about miscellaneous assertions that are waived, saying that they're undeveloped. The way I look at this portion of the brief, and I'm going to talk about this in terms of, like, that all these things were raised and because they say they're undeveloped, that shows exactly that there are issues of disputed fact on all these things. The CFC denied HES due process by blocking HES from correcting its copyright registration application. We raised that at Appendix 2318-19, 2207, and 1257. Yes, Your Honor, we did. We raised all these issues about blocking. Your Honor, I was looking for that on the break, and I know it's in here. If I can supplement that, I'd appreciate it, but I just couldn't put my finger on it during our break. But on the second issue, appellees have unclean hands or should be stopped from defending against HES claims. That's raised at Appendix 2207, 2407, 06-07, 2399, and 2395-96. The CFC should have allowed HES to cure its failure to state a demand for some cert. That's a key point that goes directly to this issue about whether we could cure it. There is a provision in the statute allowing that. That was raised at Appendix 406. And then 10 U.S.C. 2321, if you look at 2321-H, it says what a claim is in this context, and it doesn't require some cert at all and says that it meets the definition of 7103. Okay, we're out of time. Thank you. Thank you.